# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. Case No. 23-CR-00183 (DLB) |
| : | |
| LAWRENCE N. HARRIS : | |
| : | |
| Defendant. : | |
| _____: | |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, Lawrence N. Harris, by and through his counsel Brian K. McDaniel and respectfully moves this Court to suppress all physical evidence seized in violation of the Fourth Amendment as a result of the execution of a search warrant at 4325 Delmar Ave., Temple Hills, MD on November 16, 2022. Such evidence includes, but is not limited to, firearms, ammunition and purported drug paraphernalia. Mr. Harris also moves, under the Fourth Amendment to suppress any items found during the continued investigation as a result of the illegal search and seizures, as fruit of the poisonous tree. The grounds for this motion are more fully stated in the accompanying memorandum of law. Mr. Harris requests an evidentiary hearing on this motion.

Respectfully submitted,

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793
bkmassociates@aol.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Crim. Case No. 23-CR-00183 (DLB)** |
| : | |
| **LAWRENCE N. HARRIS** : | |
| : | |
| **Defendant.** : | |
| _____: | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO SUPPRESS TANGIBLE EVIDENCE**

A.    BACKGROUND.

Mr. Harris is charged in a five count Superseding Indictment with criminal conduct that allegedly took place between April 10, 2022 and November 16, 2023. He is charged with Count 1: Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922 (g)(1); Count 2: Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922 (g)(1); Count 3: Possession with the Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); Count 4: Conspiracy to Ditribute a Controlled Substance in violation of 21 U.S.C. § 846; and Count 5: Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

According to the "Affidavit for a Search Warrant" executed by PFC T. Waters, it is alleged that on October 26, 2022 PFC T. Waters was conducting "proactive enforcement" in the corridor of St. Barnabas Road and Wheeler Road in Oxon Hill, MD 20745. In the at issue Affidavit requesting permission to search the phones of Mr. Harris, PFC T. Waters states that on this date and at approximately 11:40 am he observed a Dark Grey Porshce Macan SUV which was operating with what the officer identified as heavy window tinting. The Affdavit did not assert that the vehicle was speeding or committing

any other traffic offense in violation of the traffic laws of Maryland. The officer then made a stop of the vehicle based upon the belief that the tint on the vehichle would have made it eligible for a traffic citation for an inappropriate level of tinting. After activating his emergency lights and sirens, the vehicle pulled over whereupon the officer identified Mr. Harris as the driver. After having been provided a temporary registration card, the officer alleges that he was able to determine that the registration for the vehicle was not valid, another traffic violation. Additionally, the officer alleges that when speaking with Mr. Harris he was able to detect the odor of "burnt marijuana emanating from the passenger compartment of the vehicle". Notably, the Affiant did not represent that, while looking into the vehicle, he was able to see either any marijuana or other contraband in plain view which would have supported a finding of probable cause for the warrantless search of the vehicle. Subsequently, the officer demanded that Mr. Harris alight from the vehicle and then conducted the warrantless search.

      After the acquiring of the key fob from Mr. Harris while he was detained and at the back of the vehicle, law enforcement alleges that a Glock 27 Handgun, bearing serial number #BLHR490 was located in the glove compartment. Upon the discovery of the firearm in the vehicle Mr. Harris was placed under arrest. In a search incident to his arrest, two cellular phones were confiscated from Mr. Harris and were subsequently the focus of two separate search warrant request, one from November 2, 2022 and the other from March 13, 2023. Subsequent to the search of the cellphones which had been confiscated from Mr. Harris, law enforcement drafted the affidavit in support of the search of the residence in which they referred to text messges located on the phone in support of the contention that there was probable cause to belive that contraband would be found therein. As the search

of the phones was unconstitutional, the reliance upon information recovered as a result o their execution is fatal to the search of the residence. (See Exhibit 1, Search Warrant Affidavit for the search of the residence.

      **B.**          **ARGUMENT**

      **1.**      **The Evidence Must Be Suppressed Because The Warrant Is Not Supported By Probable Cause And No Good Faith Exception Applies.**

The test for determining probable cause is whether the facts presented to a judicial officer establish a "substantial probability" that the items sought will be found at the target location. *Illinois v. Gates*, 462 U.S. 213 (1983). The determination of probable cause calls for a "practical commonsense" inquiry. Id. at 238. Probable cause is determined under a "totality of the circumstances" analysis. A judicial officer who is considering an application for a search warrant must decide "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. at 217. This standard is not defined by bright lines and rigid boundaries. Instead, the standard allows a magistrate judge to review the facts and circumstances as a whole and make a common sense determination of whether "there is a fair probability that contraband or evidence of a crime will be found at a particular place. *United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005). Evidence seized pursuant to a warrant lacking probable cause must be suppressed if exclusion of the evidence "will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. 897, 918 (1984). When an affidavit is lacking in probable cause, evidence seized pursuant to the warrant may be admitted only where the "affidavit was made in good faith, the warrant was issued by a detached and neutral magistrate and the warrant was reasonably

relied on in good faith by the police officers." *United States v. Richardson*, 861 F.2d 291, 294 (D.C. Cir 1988) (citing *Leon*, 468 U.S. 897).

A review of the at issue Affidavit in support of the search warrant reveals in large part, a reliance on the text messages which were recovered after the issuance of search warrants for cellular phones confiscated from Mr. Harris. Likewise, the support for the finding of the requisite nexus between the address for which the search warrant was sought and any likelihood that those items listed in the addendum to the search warrant would be found in that location was slim. "A magistrate's determination of probable cause justifying the issuance of a warrant must be supported by an affidavit that discloses the underlying circumstances from which the affiant has concluded that his information is reliable [and] must contain a statement of the underlying circumstances which enable the magistrate independently to judge the validity of the affiant's conclusion that the things to be seized are where he says they are." *U.S. v. Bailey*, 458 F.2d 408 (9th Cir. 1972) citing *Aguilar v. Texas*, 378 U.S. 108 (1964).

Nor may the government find safe harbor in the *Leon* exception. Under that doctrine, the affidavit must be made in good faith, and the warrant reasonably must be relied upon in good faith by the executing officers. Here, the affiant was aware of the absence of any connection between the residence and the purported illegal activity.

## **CONCLUSION**

For the reasons stated above, and for any other reasons that the Court may deem just and proper, defendant, Lawrence Harris requests that all physical evidence recovered as a result of the execution of a search warrant at his residence be suppressed from use at trial. Mr. Harris requests an evidentiary hearing on this motion.

        Respectfully submitted,

        /s/Brian K. McDaniel_____
        Brian K. McDaniel, Esq.
        1001 L. Street S.E.
        Washington, D.C. 20003
        Telephone (202) 331 – 0793
        bkmassociates@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2025, a copy of the foregoing Motion To Suppress Tangible Evidences has been served upon all interested parties by ECF filing.

        /s/Brian K. McDaniel_____
        Brian K. McDaniel, Esq.